UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-24134-CIV-WILLIAMS

TRISURA SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

BLUE HORSE TRUCKING
CORPORATION, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Chris M. McAliley's Report and Recommendation (DE 41) ("***the Report***") on the Motion to Dismiss the Complaint for Declaratory Judgment or in the Alternative Motion to Stay ("***Motion to Dismiss***"), filed by Defendant Juan Gabriel Reyes Sanchez ("***Sanchez***") and joined by Defendants Blue Horse Trucking Corporation ("***Blue Horse***") and Nelson Betancourt ("***Betancourt***") (collectively, "***Defendants***"). (DE 16; DE 17; DE 19.) In the Report, Judge McAliley recommends that the Court denies the Motion to Dismiss. Defendant Sanchez filed a response objecting to portions of the Report (DE 42; DE 43), which Defendant Blue Horse joined (DE 44), and to which Plaintiff Trisura Specialty Insurance Company ("***Plaintiff***") filed a response. (DE 45.)

Upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** that:

1. The conclusions in the Report (DE 41) are **AFFIRMED AND ADOPTED**.
2. Defendants' Motion to Dismiss the Complaint for Declaratory Judgment or in the Alternative Motion to Stay (DE 16; DE 17; DE 19) is **DENIED**.

3. Plaintiff's request for declaratory judgment as to its duty to indemnify Defendants in this matter is **STAYED** pending the outcome of the underlying action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.[1] (*See* DE 1 at ¶ 25.)

4. Plaintiff's request for declaratory judgment as to its duties and obligations under the Form MCS-90 Endorsement is **STAYED** pending the outcome of the underlying action in the

---

[1] In this matter, Plaintiff "asks this Court to declare that it has no duty to defend and [no duty to] indemnify Defendants Blue Horse and Betancourt in a state lawsuit that Defendant Sanchez filed against them in Miami-Dade County, Florida." (DE 41 at 2.) Judge McAliley mentions in the Report that, although neither party addressed the issue in their briefing, the Court "may wish to dismiss without prejudice [Plaintiff's] request for relief as to its duty to indemnify, or to at least stay that request because it is tied to the ripe request regarding the duty to defend." (*Id.* at 15 n.11.) The Eleventh Circuit has ruled that "[t]he duty to defend is separate and apart from the duty to indemnify." *Trizec Props., Inc. v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir. 1985). And unlike the duty to defend, the duty to indemnify "is not ripe for adjudication in a declaratory judgment action **until the insured is in fact held liable in the underlying suit**." *Depositors Ins. Co. v. BGW Design Ltd., Inc.*, 2018 WL 1830806, at *3 (S.D. Fla. Feb. 28, 2018) (emphasis added) (citations omitted); *see also Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) (quoting *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("The duty [to indemnify] is predicated upon a final judgment, settlement, or other final resolution of the underlying claims . . . . Accordingly, it is axiomatic that 'an insurer[']s duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.'")); *Am. Nat. Fire Ins. Co. v. M/V Seaboard Victory*, 2009 WL 812024, at *1 (S.D. Fla. Mar. 17, 2009) (citations and quotations omitted) ("It is well-settled . . . that because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.").

"[A] district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Further, "the Eleventh Circuit has affirmed a district court's discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties.'" *Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329, 1334 (S.D. Fla. 2018) (quoting *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (citations omitted)).

While Defendant Sanchez does not directly respond to Judge McAliley's suggestion (*see* DE 42 at 8), Plaintiff states that "dismissing or staying its requests for relief on the duty to indemnify . . . is neither required nor warranted at this time . . . . [because] the absence of an insurer's duty to defend necessarily establishes the absence of any duty to indemnify." (DE 45 at 6-7.) While the Court agrees with Plaintiff that dismissing or staying a declaratory judgment action on these grounds is discretionary, the Court finds Plaintiff's argument unpersuasive. As discussed *supra*, the duty to indemnify is not ripe for adjudication in a declaratory judgment action, until the insured is held liable in the underlying state action. Therefore, the Court is not free to resolve the question of indemnification in the manner Plaintiff requests, unless and until the underlying state action is resolved as to the insured's liability.

Since it is the Court's understanding that the state action underlying this matter remains pending, the Court finds that a determination of Plaintiff's duty to indemnify is premature at this juncture. Accordingly, Plaintiff's request for relief as to its duty to indemnify is stayed pending resolution of the underlying state court action.

Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.[2] (*See* DE 1 at ¶¶ 14-15.)

**DONE AND ORDERED** in Chambers in Miami, Florida on this 22nd day of September, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] The Form MCS-90 Endorsement ("***Endorsement***"), which is part of Plaintiff's insurance policy, provides in relevant part that Plaintiff "agrees to pay, within the limits of liability described herein, any final judgment recovered against [Defendant Blue Horse] for public liability resulting from negligence in the operation, maintenance or use of motor vehicles . . . ." (DE 1-1 at 35.) The Court agrees with Judge McAliley that "[i]t appears that the only obligation that might arise [from the Endorsement] is one of indemnification . . . ." (DE 41 at 15 n. 11.) And since the duty to indemnify is premature at this juncture, *see Depositors Ins. Co.*, 2018 WL 1830806, at *3, Plaintiff's request for relief as to its duties and obligations under the Endorsement is also stayed pending the resolution of the underlying state court action.