IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT
OF FLORIDA

MIAMI CIVIL DIVISION
CASE NO.: 20-cv-24134 Williams

TRISURA SPECIALTY
INSURANCE COMPANY,
a foreign corporation
    Plaintiff,

vs.

BLUE HORSE TRUCKING CORP.;
NELSON BETANCOURT; and
JUAN GABRIEL REYES SANCHEZ
    Defendants
_____/

# DEFENDANTS BETANCOURT AND BLUE HORSE TRUCKING CORP'S JOINT MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES WITH INCORPORATED MEMORANDUM OF LAW

Defendants, Nelson Betancourt, and Blue Horse Trucking Corp, through their respective undersigned counsels, pursuant to F.R.C.P. 54(d)(2)(C) and S.D. Local Rule 7.3, herewith move for a determination of their entitlement to attorney's fees, and state:

1. This is a declaratory relief action filed by the Plaintiff, Trisura Specialty Insurance Company, seeking to have the Court declare that it owes no duty to defend or indemnify its insureds, Defendants Blue Horse Trucking Corp. and Nelson Betancourt, both of whom had been sued in the 11th Judicial Circuit in and for Miami-Dade County, Florida by Defendant Jesus Sanchez who, among

1

other injuries, had lost his arm in this one truck accident. [See DE 1].

2. On January 7, 2022, Plaintiff settled with Defendant Juan Sanchez in the underlying state court tort action, thus making the instant case moot. Defendant Sanchez notified this court of the settlement on January 10, 2022. [DE 83].

3. Pursuant to Florida law, the effect of this settlement by the plaintiff insurer is in effect a confession of judgment thus entitling the insureds to their attorney's fees. See *Wollard v. Lloyd's and Companies of Lloyd's,* 439 So.2d 217 (Fla. 1983)(" When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured."); *Ivey v. Allstate Ins. Co.,* 774 So.2d 679, 684 (Fla. 2000)("Moreover, Allstate's payment after suit was filed operates as a confession of judgment, further entitling Ivey to attorney's fees").

4. However, without a final judgment or order of this Court, there is no "trigger" yet upon which the timing requirements of Local Rule 7. 3 begin though Defendants are concerned regarding same and wish to remain in full compliance with the local rule.

5. Accordingly, several requests have been made on the Plaintiff to advise of its intentions with respect to concluding this case and the payment of

attorney's fees and costs to the Defendant insureds who are entitled to same pursuant to Florida Statute 627.428. Plaintiff responded by seeking an extension of time to advise of its intentions which it then sought several additional extensions but to date has not made any substantive response. Meanwhile, Plaintiff still has not dismissed this action, expressed its wish to confess judgement of record, or taken any other steps to advise the Court that this action is now moot (except as to attorney's fees).  Given the potential time limitations imposed by Local Rule 7.3 and 54,, this delay is unacceptable.

6.      Furthermore, since a significant amount of time will be required preparing the required compliance with Local Rule 7.3 as to the amount of fees due, judicial economy dictates there be a determination of entitlement to fees first which may then promote resolution between the parties. Thereafter the amount may be determined in accord with Local Rule 7.3.

Wherefore, Defendants Betancourt and Blue Horse Trucking request that the court enter an Order determining that the settlement of the underlying action is a confession of judgment entitling these insured Defendants Betancourt and Blue Horse to an award of attorney's fees and such other and further relief as is appropriate under the circumstances.

## CERTIFICATE OF GOOD FAITH

In compliance with the rules, Defendant has sought resolution of the issues raised by this motion by repeated effort in good faith but as of this date, Plaintiff has failed to respond to these efforts other than to state it is considering the issue.

Respectfully submitted,

| | |
|---|---|
| SCOTT JAY FEDER, P.A.<br>Attorneys for Nelson Betancourt<br>4649 Ponce de Leon Blvd., Suite 402<br>Coral Gables, Florida 33146<br>Telephone:  (305) 669-0060<br>Facsimile:  (305) 669-4220<br>E-Service:   Scottj8@aol.com<br>assistantscottjfeder@hotmail.com | THE PEÑA LAW FIRM<br>Attorneys for Blue Horse<br>7950 N.W. 155 Street<br>Suite 201<br>Miami, FL 33016<br>Telephone:  (305) 231-9933<br>Facsimile:   (305) 231-7090<br>E-Service:<br>nelson@thepenalawfirm.com<br>kevin@thepenalawfirm.com |
| By   */s/ Scott Jay Feder*<br>   Scott Jay Feder<br>   Florida Bar No. 359300 | By   */s/ Nelson T. Peña*<br>   Nelson T. Peña<br>   Florida Bar No. 875678 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court and served on all counsel on the attached service list using CM/ECF.

By: */s/ Scott Jay Feder*

**SERVICE LIST**

Alexandra Valdes, Esq.
COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33256
alexandra.valdes@csklegal.com
emily.fernandez@csklegal.com
Attorney for Plaintiff

Marc R. Ginsberg, Esquire
MANDINA & GINSBERG, LLP
Laurel Court - Suite 107, 15500 New Barn Road
Miami Lakes, FL 33014
marcginsberg@mg-trialattorneys.com
Attorney for Defendant, Juan Sanchez

Nelson T. Peña, Esquire
THE PEÑA LAW FIRM
7950 N.W. 155 Street, Suite 201
Miami, FL 33016
nelson@thepenalawfirm.com
kevin@thepenalawfirm.com
Attorney for Defendant, Blue Horse Trucking Corp.