IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT
OF FLORIDA

MIAMI CIVIL DIVISION
CASE NO.: 20-cv-24134 Williams

TRISURA SPECIALTY
INSURANCE COMPANY,
a foreign corporation
    Plaintiff,

vs.

BLUE HORSE TRUCKING CORP.;
NELSON BETANCOURT; and
JUAN GABRIEL REYES SANCHEZ
    Defendants
_____/

## DEFENDANT BETANCOURT'S REPLY TO PLAINTIFF TRISURA'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES

Defendant, Nelson Betancourt, through undersigned counsel, hereby replies to Plaintiff Trisura Specialty Insurance Company's Response in Opposition to Defendants Betancourt and Blue Horse Trucking Corp's Joint Motion to Determine Entitlement to Attorney's Fees [D.E. 85] and states:

### Introduction

1.    Trisura initiated this declaratory relief action claiming it owed no duty to defend or provide coverage to its insureds Betancourt (the driver) and Blue Horse (the truck owner) after this trucking accident where Sanchez (the passenger) lost his arm when the truck overturned. Having sued its insureds more than a year ago, refusing to agree to stay that matter pending the state court action, and forcing its insureds to hire counsel and fully defend the case, Trisura now claims that its payment in settlement of Sanchez's claim, does not result in it owing its insureds their attorney's fees which are

due pursuant to Florida Statute §627.428. Trisura makes three arguments, to wit: the settlement has made this case moot which divests this court of jurisdiction; the settlement is not a confession of judgment; and, Sanchez's Amended Complaint created a duty to defend and coverage whereupon Trisura then resolved the claim.

2.  As shown below, this plaintiff insurer uses general principles of law that do not apply under the facts and circumstances of the instant case and, as to the final point, makes an unsupportable and false factual claim.

3.  First, a case is never moot and the court is never divested of jurisdiction if any consequences remain for determination such as legal fees. Second, an insurer's payment of a claim in litigation is always a confession of judgment. These two statements are the law. Third, Trisura previously represented to this Court in multiple filings that Sanchez's Amended Complaint did not make any material change and did not affect Trisura's right to summary judgment. Trisura continued to pursue the case proving that Trisura's third argument is inappropriate and duplicitous.

**<u>Settlement Where The Right to Attorney's Fees Remains Does not Moot the Case nor Divest the Court of Jurisdiction</u>**

Trisura argues that settlement of the underlying state court action moots this declaratory action and divests this Court of jurisdiction. Trisura ignores that the complete legal principle, as stated in the very U.S. Supreme court case Trisura relies upon, *Genesis Healthcare Corp. vs. Symczyk,* 569 U.S. 66, (2013) is that if any remaining issues exist to be determined, a case is not moot after some intervening event such as a settlement.

The determination of attorney's fees is one of those very issues that remain in many cases. The U.S. Supreme court affirmed that though the main issue may be moot, if a right to attorney's fees might remain, the case is not moot, stating that*:*

> If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotation marks omitted).

> The Court found that, under the particular circumstances of that case, the named plaintiffs possessed an ongoing, personal economic stake in the substantive controversy—namely, to shift a portion of attorney's fees and expenses to successful class litigants. Id., at 332–334, and n. 6, 100 S.Ct. 1166. Only then, in dicta, did the Court underscore the importance of a district court's class certification decision and observe that allowing defendants to "pic[k] off'" party plaintiffs before an affirmative ruling was achieved "would frustrate the objectives of class actions." Id.,at 339.

The Defendant insureds in the instant case still have a right to seek attorney's fees, thus this case is not moot and this court is not divested of jurisdiction. Trisura's argument violates the full applicable legal principle.

Florida cases follow this rule of law. In *Mazer v. Orange Cnty,* 811 So.2d 857 (Fla 5th DCA 2002), the trial court dismissed a mandamus petition as moot once the relief sought in this public records request was fulfilled thus denying the petitioner any right to fees. The appellate court reversed, concluding that the request for attorney's fees meant the case was not moot. The court stated that otherwise the very purpose underlying the law to encourage voluntary compliance with the request would be undermined if all the litigant had to do was comply after being forced to do so by a lawsuit.

Similarly, in *Schweickert v. Citrus Cnty,* 193 So.3d 1075 (Fla 5th DCA 2016), the trial court dismissed with prejudice an amended complaint thus effectively denying the plaintiff his right to seek attorney's fees. The appellate court, citing *Mazer,* reversed and

remanded for determination of fees. The court followed the rule of law that "[A]n issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." *Godwin v. St.,* 593 So.2d 211, 212 (Fla.1992)(citing *DeHoff v. Imeson*, 15 So.2d 258, 259 (Fla. 1943). As the Florida Supreme Court stated in *Godwin,* "an otherwise moot case will not be dismissed if collateral legal consequences that affect the rights of a party flow from the issue to be determined. *Id.* at 212.

### **An Insurer's Payment of a Claim is a Confession of Judgment**

Trisura then makes the cavalier claim that its settling the underlying state court tort action with Sanchez is not a confession of judgment. Trisura cites no case for this proposition. On the contrary, the courts unanimously agree that an insurer's settlement of a claim is a confession of judgment. See cases cited, infra.

The rule was enunciated by the Florida Supreme court in *Wollard v. Lloyd's*, 439 So.2d 217 (Fla. 1983) and again in *Ivey v. Allstate Ins. Co.,* 774 So.2d 679 (Fla. 2000) where the Court held: "[w]hen an insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard, supra* at 218.

Relying on cases where an insured prematurely or unnecessarily sued its insurer, Trisura argues that attorney's fees should not be awarded. Even these cases support Betancourt's claim here, however, and reject Trisura's position. As these cases note, if

the insurer initiated suit, the insureds are entitled to fees. Their holdings are based on the insured having sued and not needing to have done so.

Trisura initiated this litigation. Fees should be awarded to the insureds. This is the law and Trisura has not located a single case where an insurer sued, then settled, and fees were not awarded to the insured.

Trisura ignores that the cases it relies on recognize this distinguishing situation from the *Wollard* general rule. In *Essex v. Amerisure Ins Co.,* No. 6:06-cv-1562-Orl-31KRS (2007 WL 1839409 (M.D. Fla. June 26, 2007), Judge Presnell, after noting the general rule stated in *Wollard* that the insurer's settlement is a confession of judgment, pointed to the distinction between cases where the insurer has initiated suit as in *Wollard* and *O'Malley v. Nationwide Mutual Fire Ins. Co.,* 890 So.2d 1163 (Fla. 4th DCA 2004) and those where the insured has unnecessarily initiated the litigation such as in *Essex*. In *Basik Exports & Imports v. National Ins.,* 911 So.2d 291 (Fla. 4th DCA 2005) also cited by Trisura, the court similarly pointed out that the instant facts there distinguished the case from the general rule as stated in *O'Malley* and *USF&G v. Murray,* 671 So.2d. 812 (Fla 4th DCA 1996).

The entire purpose of F.S.§627.428 giving an insured the right to seek fees as recognized by the Florida Supreme court in *Wollard* and its progeny would be destroyed if Trisura's position were valid. As the Court stated:

> [T]he statutory obligation for attorney's fees cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered

because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation. *Gibson v. Walker*, 380 So.2d at 533.

When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest--the insured's, the insurer's or the public's--and discourages any attempt at settlement. This literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd. It is a basic tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result. (internal citation omitted)

Trisura does cite one trial level decision where an insurer filed suit but in that case there was no settlement, rather the plaintiff in the underlying action simply gave up and voluntarily dismissed that action, a completely different set of facts1. Under these circumstances, where the insurer initiated the litigation, every court finds the insured is entitled to fees. In addition to *Wollard, USF& G,* and *O'Malley,* the same ruling has been made by *Mercury Ins. Co. of Fla v. Cooper,* 919 So.2d 491 (Fla. 3rd DCA 2005); *Unterlack v. Westport Ins. Co.,* 901 So.2d 387 (Fla. 4th DCA 2005); *Explorer Ins. Co. v. Cajusma,* 178 So.3d 923 (Fla 5th DCA 2015); *Coppola v. Federated Nat'l Ins. Co.,* 939 So.2d 1171 (Fla 4th DCA 2006) *Canal Ins. Co. v. SP Transport, Inc.,* 272 F. App'x 825

---

1 Trisura cites to *Berkely Assur. Co. v. Corredor, Husseini & Snedaker, P.A.,* No 17-22106-CIV-Cooke/Goodman, 2018 WL 4777571. Even in that case Magistrate Judge Goodman specifically noted that the *Wollard* rule that an insurer would be liable for fees should there have been a settlement paid as in the instant case. Trisura's argument is without validity.

(11th Cir. 2008) and *W&J Group Enters,, Inc. v. Houston Specialty Ins. Co.,* 684 F. App'x 867 ((11th Cir 2017).

In *W&J Group*, the Eleventh Circuit noted it was the long standing principle in Florida that "[T]he purpose of section 627.428 is to provide an adequate means to afford a level process and make an already financially burdened insured whole again, and to also discourage insurance companies from withholding benefits on valid claims." *Johnson v. Omega Ins. Co*., 200 So. 3d 1207, 1209 (Fla. 2016); *see also Wollard*, 439 So. 2d at 218 (F.S.§627.428 is intended "to discourage litigation and encourage prompt disposition of valid insurance claims without litigation."). The Florida Supreme Court has also stressed that "[t]he need for fee and cost reimbursement in the realm of insurance litigation is deeply rooted in public policy." *Johnson*, *supra,* at 1215.

By filing this declaratory relief action against its insureds, Trisura forced its insureds to hire counsel and defend this litigation. The insured even offered to stay the matter pending the underlying state court action, [D.E. 17], but Trisura opposed this request [D.E. 20] thus causing more than year of litigation.

Trisura's argument that the settlement was not a confession of judgment is error and its claim that fees should not be awarded under these circumstances lacks any legal support.

**Trisura Claims It Settled Due To the Amended Complaint is Factually Wrong**

Trisura's final argument is its claim that Sanchez's created Trisura's duty to defend and duty to indemnity its insureds in the Amended Complaint that became operative on November 4, 2021 which is why it settled with Sanchez. The facts prove otherwise. Worse, Trisura's previous representations to this Court, and its actions herein, prove this claim is false.

Sanchez's Amended Complaint merely clarified some of the facts learned in discovery. After the accident on July 22, 2020, Trisura interviewed its insured Blue Horse just two days later and then Trisura sent letters reserving its rights based on its claim that the policy excluded any claim by "employees" of Blue Horse. Sanchez filed suit on September 17, 2020. After service occurred on one insured on September 26, 2020, Trisura immediately filed this declaratory relief action on October 8, 2020 [D.E. 1]. After refusing to agree to a stay of the action, Trisura propounded full discovery and in March of 2021 received sworn interrogatories verifying that this was both Sanchez and Betancourt's first trip for Blue Horse and there was no further trips or work agreed upon. Documents produced to Trisura, also in March proved the same facts which were then again confirmed in the insureds' and Sanchez's depositions Trisura took in July of 2021. Thus for almost a year Trisura has known these facts which mean the insured and Sanchez were "temporary workers", not "employees", as defined by Trisura's insurance

policy. Yet Trisura continued to pursue this litigation despite these undeniable and undisputed facts.

Sanchez's Amended Complaint merely added a few allegations based on this same discovery clarifying Betancourt and Sanchez's status. After this filing on November 4, 2021, Trisura never once changed its position. Trisura did not withdraw its reservation of rights. The insurer never informed its insureds that it was accepting coverage. Until just now in this attempt to avoid its legal responsibility for fees, [D.E. 85], Trisura never informed this Court that the Amended Complaint now created a duty to defend. Trisura did not dismiss this declaratory relief action. Nor did Trisura attempt to settle Sanchez's claim either at that time. It was not the Amended Complaint in November of 2021 that spurred Trisura's payment of the balance of its policy limits, rather it was Sanchez's Proposal for Settlement served in December of 2021 that Trisura accepted on the final day for acceptance in January that resulted in the settlement.

While the above facts prove that Trisura's claim is specious, one need not even consider those facts since Trisura itself has previously represented to this Court that Sanchez's Amended Complaint had no effect on the case and did not alter Trisura's position that it had no duty to defend its insured. In opposition to its Betancourt's motion for summary judgment, [D.E. 55]2 Trisura itself stated that "Sanchez's amended

---

2 As to Sanchez's Amended Complaint, Trisura also made the identical representation that it **"does not believe the allegations materially change the analysis of Trisura's duty to defend (or lack thereof)"** in Trisura's Response to Sanchez's Motion to Deny Without Prejudice the Parties' Cross Motions for Summary Judgment [D.E. 64] filed on November 9, 2021. (emphasis added)

Complaint alleges more detailed facts regarding the relationship between Blue Horse, Betancourt, and Sanchez. **However, those additional facts do not alter the analysis of Trisusra's duty to defend (or lack thereof)**" [D.E. 65] filed on November 10, 2021. (emphasis added). Trisura continued to seek summary judgment thereafter claiming it had no duty to defend. The insurer also continued to oppose its insureds' motions for summary judgment wherein the insureds' claimed Trisura did have a duty to defend, thus proving that Trisura's new position is duplicitous.

Trisura's previous representations to this court should prevent this complete about face from being considered as valid.

## **CONCLUSION**

The rule of law is that a case is not moot if the right to fees remains to be determined. Payment by an insurer in settlement, whether to the insured in a first party action or to someone suing the insured in a third party action, is the equivalent of a confession of judgment entitling the insured to its fees in a declaratory judgment action filed by an insurer. Trisura's argument that the third party's amended complaint created coverage and a duty to defend is in utter bad faith given its prior representations to the contrary to this court and its actions continuing to pursue its claim that there was no duty to defend.

Defendant Betancourt, as the insured Trisura sued in the instant matter, is entitled to its fees pursuant to F.S.§627.428 and the rule of law.

WHEREFORE, Defendant NELSON BETANCOURT, requests that this Court grant his motion for entitlement to attorney's fees and such other relief as is appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court and served on all counsel on the attached service list using CM/ECF.

Respectfully submitted,

SCOTT JAY FEDER, P.A.
Attorneys for Nelson Betancourt
4649 Ponce de Leon Blvd., Suite 402
Coral Gables, Florida 33146
Telephone:    (305) 669-0060
Facsimile:    (305) 669-4220
E-Service:    Scottj8@aol.com
assistantscottjfeder@hotmail.com

By___*/s/ Scott Jay Feder*___
    Scott Jay Feder
    Florida Bar No. 359300

## SERVICE LIST

| | |
|---|---|
| Alexandra Valdes, Esq.<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Blvd, Ste 1400<br>Miami, Florida 33256<br>alexandra.valdes@csklegal.com<br>emily.fernandez@csklegal.com<br>Attorney for Plaintiff | Nelson T. Pena<br>THE PEÑA LAW FIRM<br>7950 N.W. 155 Street, Ste 201<br>Miami, Florida 33016<br>nelson@thepenalawfirm.com<br>kevin@thepenalawfirm.com<br>Attorney for Def, Blue Horse |

Marc R. Ginsberg, Esquire
MANDINA & GINSBERG, LLP
Laurel Court - Suite 107, 15500 New Barn Road
Miami Lakes, FL 33014
marcginsberg@mg-trialattorneys.com
Attorney for Defendant, Juan Sanchez