IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT
OF FLORIDA

MIAMI CIVIL DIVISION
CASE NO.: 20-cv-24134 Williams

TRISURA SPECIALTY
INSURANCE COMPANY,
a foreign corporation
    Plaintiff,

vs.

BLUE HORSE TRUCKING CORP.;
NELSON BETANCOURT; and
JUAN GABRIEL REYES SANCHEZ
    Defendants.
_____/

## DEFENDANT BLUE HORSECORP.'S REPLY TO PLAINTIFF TRISURA'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES

Defendant, BLUE HORSE CORP., (Blue Horse), through undersigned counsel, hereby replies to Plaintiff Trisura Specialty Insurance Company's (Trisura) Response in Opposition to Defendants Nelson Betancourt (Betancourt) and Blue Horse Trucking Corp's Joint Motion to Determine Entitlement to Attorney's Fees [D.E. 85] and states:

To avoid repetition BLUE HORSE adopts BETANCOURT'S Reply and additionally addresses TRISURA'S third argument: Sanchez' Amended Complaint entitles Blue Horse and Betancourt only to Fees from the time of the Amended Complaint. Trisura's third argument concedes the Defendants are entitled to fees.

Trisura seeks to limit the time frame for which fees are due which is premature. However, in the event the court wishes to address the time period before the hearing on fees, based on the below it is clear fees are due from the inception of this case.

## Factual & Procedural History

On July 22, 2020, a Blue Horse truck and trailer insured by Trisura was involved in a single vehicle roll over accident resulting in the traumatic amputation of Sanchez' right arm. See DE 54-4. Betancourt was the permissive driver. At the time, Sanchez was a permissive passenger. Two days following the accident Trisura conducted its initial interview of Blue Horse President, Pedro Pineiro, who advised this was the first time either had driven and both were categorized as "1099" drivers. **See Attachment 1-Trisura Initial Interview notes**. Without further follow up on these two facts, on September 11, 2020 Trisura issued a reservation rights claiming the employee and workers compensation exclusions in its policy precluded coverage or a duty to defend. **See Attachment 2- September 11, 2020 Reservation of Rights**.

On September 16, 2020 Sanchez filed suit in state court against Blue Horse and Betancourt alleging Blue Horse owned the truck and trailer, that Betancourt was a permissive driver, and that Sanchez was a permissive occupant. DE 1-2. On

October 8, 2020, Trisura filed this action claiming the employee and workers compensation exclusions barred coverage or a duty to defend. DE 1.

On November 12, 2020, Sanchez moved to dismiss this action. On November 16, 2020, Blue Horse joined in the motion and on November 19, Betancourt joined in the motion. DE 17, 19. The motion specified that the coverage issued centered upon whether Sanchez was an "employee" which would preclude coverage or whether he was a "temporary worker" which did not preclude coverage. See DE 16 at 7-11. In its Response to the motion Trisura acknowledged this was the principal issue. DE 20 at 6.

On December 29, 2020, before a ruling was issued on the motion to dismiss the court issued its Trial and Scheduling Order requiring discovery to be completed by September 24, 2021. DE 30.

Sanchez, Blue Horse and Betancourt provided sworn answers to interrogatories and documents to Trisura in March of 2021 and were deposed in July of 2021 (DE 54-1-8) attesting that this was their first and only time driving for Blue Horse and that future trips were unknown.

On May 13, 2021, the Magistrate issued her report and recommendations acknowledging: "Although the parties disagree on which exclusions may apply, they

agree on one thing: whether the Policy excludes coverage turns on whether Betancourt and Sanchez were employees of Blue Horse under applicable law and whether they were acting within the scope of their employment at the time of the accident." DE 41 at 3. This report was adopted by this court. DE 47.

## Law and Argument

Clearly, the Parties, including Trisura, and the court knew the coverage issue centered upon whether Sanchez was an employee or a temporary worker. The amended complaint did not change this issue. Nevertheless, Trisura argues that Sanchez' amended complaint precludes Blue Horse's entitlement to fees prior to the amended complaint. Without evidentiary support, Trisura argues that the amended complaint caused Trisura to recognize that it owed both a duty to defend and a duty to indemnify. The above procedural and factual history belie Trisura's assertion.

Firstly, Trisura's cited district court orders do not support limiting the time period of fees here. *Colony Insurance Company v De Robles,* et al No. 08-60856-CIV-Altonaga/Brown, 2009 WL 10667748 at *2 (S.D. Fla. Dec 8, 2009) supports fees from inception. In *Colony*, a similar argument was made that fees should be limited to the filing of the amended complaint. The court did not deny fees incurred before the amended complaint. Rather, the court merely denied a few time entries in

the Attorney's fee log.  In part, the order states: "Because of Colony's suit, Westlake (the insured) was forced to hire an attorney, respond to the lawsuit, conduct discovery and so forth….". Colony *3.

Also, *Founders Ins. Co. v. Cortes-Garcia,* 8:10-cv-02286-T-17AEP, 2013 WL 461731 at *3 (M.D. FLa. Feb 7, 2013) is wholly distinguishable as the amendment to the underlying case completely changed the underlying cause of action. Here, the amendment merely recited minimal facts already known to Trisura for months, if not from its initial interview of Blue Horse two days following the accident.

On multiple occasions during this litigation, Blue Horse and Betancourt requested that Trisura agree to abate its declaratory judgment action which Trisura opposed forcing Blue Horse and Betancourt to defend.

For almost a year Trisura has known the sworn facts supported that Sanchez was a "temporary worker" as defined by the policy which meant the employee exclusion did not apply to him. Yet Trisura continued to pursue this litigation, again declining to abate the action following this court's order staying the indemnity claim (DE 47).

Now that it is time to compensate Blue Horse and Betancourt's attorneys for the extensive legal work Trisura has caused by initiating this declaratory judgment action, Trisura argues without sworn affidavit or evidence that the sole reason it paid Sanchez claim is because of the amended complaint. While this assertion is not relevant at this time to the Defendants' entitlement to fees it bears a response.

The record facts and Trisura's prior representations to this court strongly suggest the amended complaint did not cause Trisura to pay Sanchez' claim.

Sanchez amended complaint became operative by state court order on November 4, 2021. DE 69-1. It merely added a few allegations clarifying that was Sanchez' first and only trip for Blue Horse and addressed the insureds joint venture liability defense in the state court action by setting forth that Betancourt was more experienced than Sanchez. See DE 69-2. The amended complaint did not alter the underlying cause of action or the employee/temporary worker issue in this declaratory judgment action and Trisura acknowledged this when the amended complaint was filed.

In two separate contemporaneous filings with this court within days of the filing of the amended complaint Trisura represented that the amended complaint did

not alter Trisura's position on duty to defend. Quoting verbatim from Trisura's filings:

"Indeed, Trisura did consider the allegations of the amended complaint in its Motion for Summary Judgment and intended to further address it in its response in opposition to Defendants' Motions for Summary Judgment as it does not believe the allegations materially change the analysis of Trisura's duty to defend (or lack thereof)" [DE 64], filed on November 9, 2021.

"Sanchez's amended Complaint alleges more detailed facts regarding the relationship between Blue Horse, Betancourt, and Sanchez. However, those additional facts do not alter the analysis of Trisusra's duty to defend (or lack thereof)" [D.E. 65], filed on November 10, 2021.

Until now, when fees are due, Trisura never once advised this court that the Amended Complaint created a duty to defend and indemnify rendering its motion for summary judgment and this entire action moot. Trisura did not move to dismiss this declaratory relief action. Nor did Trisura attempt to settle Sanchez's claim at that time.

What likely prompted the settlement was Sanchez' filed Proposal for Settlement in state court on December 1, 2021 (**See Attachment 3 - Plaintiff's**

**Notice of Serving Proposal for Settlement on Defendant Blue Horse Trucking Corp**) which presented an opportunity to Trisura to settle Sanchez' catastrophic injury claim within its policy limits after it missed its initial opportunity pre-suit when Trisura declined Sanchez policy limits settlement offer and instead issued a its reservations of rights and initiated this action (**See Attachment 4 - Correspondence letter dated September 11, 2020**).

Moreover, what likely further influenced Trisura was the Defendants' position on summary judgment based on the national consensus of law indicating that Trisura's argument that the federal definition of employee controlled over the policy definition of temporary worker under these facts was incorrect. The Defendants argued that the national consensus was that because the policy defined a temporary worker, that definition controlled here. DE 68, 70, 73, 74.

The above facts suggest Trisura settled to avoid its potential bad faith liability for refusing to settle when it could and should have done so acting in the interests of its insureds. *Boston Old Colony v Gutierrez*, 386 So. 2d 783 (Fla. 1980), and not because this minimally amended complaint materially changed the coverage issues in this case.

The Defendants motion for entitlement to attorney's fees should be granted and the court should proceed to determine the amount due in accordance with Florida law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF on February 16, 2022 and all counsel of record shall receive Notice of this filing through CM/ECF system.

Respectfully submitted,

**THE PEÑA LAW FIRM, P.A.**
7950 NW 155th Street, Suite 201
Miami Lakes, FL 33016
T: (305) 231-9933
F: (305) 231-7090

By: /s/ Nelson T. Peña, Esq.
nelson@thepenalawfirm.com
Florida Bar No. 875678

*Counsel for Defendant,*
*Blue Horse Trucking Corp.*

## **SERVICE LIST**

Alexandra Valdes, Esq.
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33256
alexandra.valdes@csklegal.com
emily.fernandez@csklegal.com
*Attorney for Plaintiff*

Marc R. Ginsberg, Esq.
MANDINA & GINSBERG, LLP
Laurel Court - Suite 107, 15500 New Barn Road
Miami Lakes, FL 33014
marcginsberg@mg-trialattorneys.com
*Attorney for Defendant, Juan Sanchez*

Scott Jay Feder, Esq.
SCOTT JAY FEDER, P.A.
4649 Ponce De Leon Blvd., Suite 402
Coral Gables, FL 33146
scottj8@aol.com
*Attorney for Defendant, Nelson Betancourt*