UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-24134-WILLIAMS/MCALILEY

TRISURA SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

BLUE HORSE TRUCKING CORPORATION,
NELSON BETANCOURT and
JUAN GABRIEL REYES SANCHEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION
TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES**

Defendants, Nelson Betancourt ("Betancourt") and Blue Horse Tucking Corp. ("Blue Horse"), filed a Joint Motion to Determine Entitlement to Attorney's Fees (the "Motion"), (ECF No. 84). Plaintiff, Trisura Specialty Insurance Company ("Trisura"), filed a response memorandum, (ECF No. 85), and Betancourt and Blue Horse each filed a reply memorandum. (ECF Nos. 86, 88). For the reasons that follow, I recommend that the Court grant the Motion.

**I.    BACKGROUND**

After nearly two years of litigation before this Court, and in a related action filed in State Court, the State Court action has concluded, and two issues remain for this Court to decide: are Defendants entitled to recover their reasonable attorneys' fees from Plaintiff (and if they are, what amount) and should this Court enter a final judgment for Defendants,

1

or simply dismiss the action as moot. *See* (ECF No. 106 at 2). Defendants' Motion raises the first question, and the Honorable Kathleen M. Williams has referred that Motion to me. (ECF No. 105). In the course of reviewing the merits of that Motion, I encountered information that may assist the Court in deciding whether to enter a final judgment for Defendants, and I include that here.

On July 22, 2020, a tractor-trailer driven by Defendant Betancourt had a single-vehicle accident, that caused Defendant Juan Gabriel Reyes Sanchez ("Sanchez"), who was a passenger in the truck, to be seriously injured. Defendant Blue Horse owned the tractor-trailer and authorized Betancourt and Sanchez to operate it together. Sanchez sued Blue Horse and Betancourt in State Court. Blue Horse's automobile liability insurer, Trisura, provided a defense to the defendants in the State Court action, under a reservation of rights. Trisura also filed this declaratory judgment action against all Defendants, asking this Court to declare that the policy Trisura issued to Blue Horse did not obligate it to defend Betancourt and Blue Horse, or indemnify them for any claims in the State Court action. *See* (ECF No. 1).

The State Court lawsuit was dismissed in March 2022 when the parties settled the dispute. Trisura paid the full amount of the $1,000,000 liability insurance policy in settlement of that action. (ECF No. 107 at 2 ¶ 3).

Sanchez's State Court Complaint had four claims: three against Blue Horse, for (i) vicarious liability, (ii) failure to inspect and maintain the vehicle and (iii) failure to train and evaluate Betancourt, and one against Betancourt for negligence. (ECF No. 1-2). The vicarious liability count alleged that Blue Horse is responsible for Sanchez's injuries

because Blue Horse owned the vehicle and gave consent to Betancourt to operate it. (*Id.*). Sanchez did not claim that Blue Horse is liable because Betancourt was Blue Horse's employee, and he did not assert any factual allegations to describe the employment relationship between him, Betancourt, and Blue Horse. (*Id.*).

The commercial auto liability policy that Trisura issued to Blue Horse has numerous exclusions. (ECF No. 1-1). As relevant here, the policy excludes coverage for an employee's bodily injury claims against an employer and fellow employee. (*Id.*). This action turned on the applicability of that exclusion.

On November 4, 2021, Sanchez amended his State Court Complaint to allege that Sanchez and Betancourt were independent contractors, not employees of Blue Horse. (ECF No. 53-1 at 5-9).

Shortly before the amendment, the parties in this case filed motions for summary judgment. (ECF Nos. 53, 55, 59). The day after amendment, with the consent of Betancourt and Blue Horse, Sanchez asked this Court to deny the motions for summary judgment without prejudice and to order the parties to file revised summary judgment motions. (ECF No. 62). Sanchez claimed that the newly alleged facts in the Amended Complaint could bear upon Trisura's duty to defend, and he cited caselaw for the proposition that the most recent (amended) pleading in the underlying action determines the duty to defend. (*Id.* at 2-3) (citing *Addison Ins. Co. v. 4000 Island Blvd. Condo Ass'n*, 263 F. Supp. 3d 1266, 1269 (S.D. Fla. 2016)).

Trisura opposed that motion. (ECF No. 64). It argued that the parties need not amend their motions for summary judgment because Trisura "does not believe the [new]

allegations materially change the analysis of Trisura's duty to defend (or lack thereof)." (*Id.* at 3 ¶ 10). Trisura also told the Court that "the allegations contained in the amended complaint are not materially different from those contained in the previous complaint for purposes of the Court's analysis regarding the duty to defend". (*Id.* at 4 ¶ 11). Trisura also noted that the Amended Complaint was filed with this Court and thus was available for the Court's review. (*Id.* at 4 ¶ 10).

The Court did not immediately rule on the motion. In its briefing on summary judgment, Trisura maintained that under the original and amended Complaints, it has no duty to defend Betancourt and Blue Horse, because at the time of the incident, Sanchez and Betancourt were employees of Blue Horse. (ECF Nos. 65, 78).

On January 7, 2022, while the summary judgment motions were pending, the parties to the State Court lawsuit settled that action, (ECF No. 83), and Trisura paid Sanchez the limits of the insurance policy. (ECF No. 107 at 2 ¶ 3). The parties agree that the settlement moots this action, (*id.*), and they filed a joint stipulation of dismissal that asks the Court to retain jurisdiction to determine Defendants Betancourt's and Blue Horse's requests for attorneys' fees, and whether this Court should enter a final judgment. (*Id.* at 2 ¶ 4).

The Motion now before the Court asks it to find that the settlement of the underlying action is a confession of judgment that entitles Betancourt and Blue Horse to an award of attorneys' fees from Trisura. (ECF No. 84 at 3). Trisura opposes the Motion on several grounds. (ECF No. 85). As set forth below, I conclude that Betancourt and Blue Horse are entitled to an award of reasonable attorneys' fees.

**II.     STANDARD**

Betancourt and Blue Horse's Motion relies on § 627.428(1), Florida Statutes. It states, in pertinent part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

"The purpose of this statute is 'to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 F. App'x 824, 826 (11th Cir. 2013) (quoting *Ins. Co. of N. Am. v. Lexow*, 602 So.2d 528, 531 (Fla. 1992)).

Florida law permits an award of attorneys' fees under this statute when "the insured and insurer settle an action." *Canal Ins. Co. v. SP Transport, Inc.*, 272 F. App'x 825, 827 (11th Cir. 2008) (citing *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983)). In *Wollard*, the Florida Supreme Court explained that "[w]hen the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or verdict in favor of the insured" such that the insured is entitled to attorneys' fees under § 627.428. *Wollard*, 439 So.2d at 218. The rule also applies when

"an insurer settles a claim against the insured and that settlement moots a related action filed by the insurer for declaratory relief." *Canal*, 272 F. App'x at 826.

Trisura argues that the Court cannot award Defendants their fees because "there is no final judgment". (ECF No. 85 at 7). I reject this argument and conclude that the Court need not enter a judgment against Plaintiff, for Betancourt and Blue Horse to recover their attorneys' fees.[1]

### III.  ANALYSIS

Trisura opposes the Motion on three grounds. First, Trisura claims that Betancourt and Blue Horse cannot obtain their attorneys' fees because the settlement in the underlying State Court lawsuit rendered this action moot, and this divests this Court of jurisdiction. (ECF No. 85 at 3-7). Trisura is correct that this action is now moot (and Betancourt and Blue Horse agree). However, this does not mean the Court lacks jurisdiction to enter an award of attorneys' fees. To the contrary, courts must still address an award of fees under § 627.428. *See Canal Ins. Co.*, 272 F. App'x at 826 ("After the settlement, the district court dismissed the declaratory judgment action as moot, and the district court denied the motion by SP Transport for attorney's fees. Because Florida law entitles an insured to an award of fees after an insurer settles a claim against the insured and that settlement moots a related

---

[1] I note here Betancourt's Motion for Order to Enter Final Judgment, (ECF No. 98), that Blue Horse joined and adopted. (ECF No. 100). That Motion asks the Court to enter a final judgment because the settlement is a "confession of judgment" that entitles Betancourt and Blue Horse to an award of attorneys' fees. (ECF No. 98 at 2 ¶ 3). The Court need not grant that Motion yet and may enter an award of attorneys' fees for Betancourt and Blue Horse (after the Court determines the amounts) and dismiss this case as moot. *See, e.g.*, *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-cv-62089, ECF No. 38 (Order of Dismissal), ECF No. 63 (Order granting Motion for Attorney's Fees and awarding fees and costs without entry of a separate judgment).

action filed by the insurer for declaratory relief, we reverse and remand."); *see also Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d 1265, 1271 (S.D. Fla. 2021) ("Here, by contrast, we dismissed the *whole* case ... which means that there's nothing left to litigate *in this lawsuit*. And, in scenarios like ours, courts generally find that the question of fees and costs *is* ripe.").

Second, Trisura argues that its settlement of the State Court lawsuit is not a confession of judgment. (ECF No. 85 at 7-10). Trisura stresses that it relied on the allegations in the Amended Complaint when it settled the state action, while its declaratory judgment action rests on Sanchez's initial Complaint. It states that it "properly denied coverage based on an initial complaint, and then chose to settle based on a later amended complaint". (*Id.* at 9). Trisura thus argues that the settlement "does not have the effect of Trisura confessing judgment as to the initial complaint". (*Id.* at 9-10).

The cases Trisura cites for support are inapposite,[2] and its argument is disingenuous. In its response to the Motion, Trisura suggests that the Amended Complaint caused it to change its position regarding whether it had a duty to defend. (*Id.* at 8-10). Yet when the parties litigated motions for summary judgment, Trisura argued that the changes in the Amended Complaint were not important to the question of coverage. It stated that the parties need not re-brief their summary judgment motions to address the Amended

---

[2] Trisura cites to *Basik Exports & Imports, Inc. v. Preferred Nat. Ins. Co.*, 911 So.2d 291, 293 (Fla. 4th DCA 2005); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, No. 06-cv-1562, 2007 WL 1839409, at *4 (M.D. Fla. June 26, 2007); and *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So.2d 393, 397 (Fla. 5th DCA 2007). In each case, *the insured* initiated the separate declaratory judgment action; the insurer did not force the insured to retain counsel and incur fees.

7

Complaint because "the allegations contained in the amended complaint are not materially different from those contained in the previous complaint for purposes of the Court's analysis regarding the duty to defend (or lack thereof)." (ECF No. 64 at 4 ¶ 11). It maintained this position in its subsequent summary judgment filings. In its response to Defendants' motions for summary judgment, Trisura wrote: "Because the facts alleged in *the Complaints* in the Underlying Lawsuit trigger the Policy's Employee Exclusions, Trisura has no duty to defend the Underlying Lawsuit ...." (ECF No. 65 at 4) (emphasis added). And in its reply in support of its motion for summary judgment, it wrote: "Trisura has no duty to defend Blue Horse and Betancourt in the Underlying Lawsuit because the Policy does not provide coverage for the claims alleged in Sanchez's *Amended Complaint*." (ECF No. 78 at 17) (emphasis added).  The bottom line is that Trisura "declined to defend its position" in the State Court action, and this amounts to a confession of judgment. *Wollard*, 439 So.2d at 218.

Third, Trisura contends that even if the settlement is a confession of judgment, Betancourt and Blue Horse are only entitled to attorneys' fees they incurred as of November 4, 2021, the date Sanchez filed his Amended Complaint. (ECF No. 85 at 11-11). Trisura states: "An insured is only entitled to attorneys' fees from the date the operative complaint giving rise to a duty to defend arises." (ECF No. 85 at 10).[3] Again, this argument

---

[3] Trisura cites two cases for support: *Colony Ins. Co. v. De Robles*, No. 08-60856-CIV, 2009 WL 10667748, at *2 (S.D. Fla. Dec. 8, 2009) and *Founders Ins. Co. v. Cortes-Garcia*, No. 10-cv-02286, 2013 WL 461731, at *3 (M.D. Fla. Feb. 7, 2013). (*See* ECF No. 85 at 10). I find that *Colony* supports Betancourt and Blue Horse's argument, and that *Founders* is distinguishable. The *Colony* Court declined to limit its award of fees, as the insurer asked, to only those the insured incurred after a second amended complaint was filed in state court. The Court noted the plain language of

is based on Trisura's suggestion that the Amended Complaint caused its position on coverage to change, when Trisura made clear that this was not the case. The Court rejects this argument.

I conclude that Trisura's settlement is the functional equivalent of a confession of judgment, and Betancourt and Blue Horse are entitled to recover reasonable attorneys' fees they incurred defending this action.

## IV.   RECOMMENDATION

I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendants Betancourt and Blue Horse's Joint Motion to Determine Entitlement to Attorney's Fees, (ECF No. 84), and order that they are entitled, pursuant to Fla. Stat. § 627.428 (1), to recover their reasonable attorneys' fees.

## V.   OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those

---

the statute that requires the Court to award fees to the insured "for the insured's or beneficiary's attorney prosecuting *the suit* in which the recovery is had", noting that the insurer's entire suit caused the insured to incur fees. The Court also noted that while it granted summary judgment for the insured based on a second amended complaint filed in state court, it did not go further and determine that earlier state court complaints would not have led to the same result. *Colony*, 2009 WL 10667748, at *3. In *Founders*, the Court awarded fees only from the time the second amended complaint was filed in the state action because it included specific allegations that clearly implicated the insurer's duty to defend, and therefore "Plaintiff was wrongful to have continued to fight the issue". 2013 WL 461731, at *5.

objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 22nd day of August 2022.

_____<br>
CHRIS MCALILEY<br>
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
     Counsel of record